**NIKKO MATERIALS USA, INC., d/b/a Gould Electronics, Inc., Plaintiff—Appellee,**

v.

**NAVCOM DEFENSE ELECTRONICS INC., a corporation, Defendant— Appellant,**

**and**

**Hyrum Jarvis, an individual e/s/a HTJ Trust, Defendant.**

**No. 07–55571.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2008.

Filed Aug. 19, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

David N. Goulder, Esquire, Landye Bennett Blumstein, LLP, Portland, OR, Robert A. Grantham, Esquire, Hoffman & Grantham, LLP, Los Angeles, CA, Richard S. Yugler, Esquire, Copeland, Landye, Bennett & Wolf, LLP, Portland, OR, for Plaintiffs–Appellees.

Thomas Michael Abbott, Esquire, McKenna Long & Aldridge LLP, Los Angeles, CA, for Defendant–Appellant.

Before: D.W. NELSON and BEA, Circuit Judges, and ROSENBLATT *, District Judge.

## MEMORANDUM **

Nikko Materials USA, Inc. ("Gould/Nikko"), brought an action against NavCom Defense Electronics Inc. ("NDE"), for breach of contract and contribution under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"). This matter concerns the allocation of remediation costs for groundwater contamination in aquifers underlying a portion of the San Gabriel Valley Superfund site. The district court entered a judgment on behalf of the plaintiff, Gould/Nikko. We affirm. Because the parties are familiar with the procedural and factual history of this case, we do not recount it here.

## I. *Contract Claim*

NDE's predecessor-in-interest purchased 100% of the stock of Gould/Nikko's subsidiary, GNSDI, subject to the rights and liabilities set forth in the Assumption Agreement.[1] When NDE's predecessor then merged with GNSDI to form NDE, NDE assumed GNSDI's obligation to indemnify Gould/Nikko under the Assumption Agreement. *See Krull v. Celotex Corp.*, 611 F.Supp. 146, 148 (N.D.Ill.1985). Nothing in the independent Purchase Agreement between NDE and Gould/Nikko rendered the Assumption Agreement's indemnification provision unenforceable against NDE.

■ Gould/Nikko's aggressive conduct during negotiations with the Task Force did not completely discharge the indemnity obligation. An act of an indemnitee which materially prejudices the rights of the indemnitor will discharge the indemnity obligation to the extent of the prejudice. *See Am. Cas. Co. v. Idaho First Nat'l Bank*, 328 F.2d 138, 142–43, 145 (9th Cir.1964); *see also Gen. Ins. Co. of Am. v. Fleeger*, 389 F.2d 159, 161 n. 3 (5th Cir.1968) (noting that prejudicial conduct "will discharge the indemnitor to the extent that he has been damaged as a result of that act"); Restatement (First) of Security § 132 (1941).

Accordingly, the district court was not compelled to conclude, as a matter of law, that Gould/Nikko's prejudicial conduct discharged NDE's indemnity obligation in its entirety. The district court factored Gould/Nikko's improper behavior into its "equitable factors" analysis under 42 U.S.C. § 9613(f) and reduced the amount of recovery available to Gould/Nikko as a result. *See Cadillac Fairview/California, Inc. v. Dow Chem. Co.*, 299 F.3d 1019, 1028 (9th Cir.2002) (noting that "a district court may, under CERCLA, consider parties' contracts and indemnification agreements as factors affecting the equitable allocation of response costs"). This approach comported with the principle that NDE's indemnity obligation should be relieved to the extent that it suffered any prejudice. The district court did not clearly err by

---

* The Honorable Paul G. Rosenblatt, Senior District Court Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Assumption Agreement was silent as to choice of law. Under the Restatement (Second) of Conflict of Laws § 188, California law, not Delaware law, governs the agreement because it is the state most closely connected to the contract. The "internal affairs" doctrine cited by NDE does not apply to contracts, like the Assumption Agreement, governing the transfer of real property between distinct corporate entities. *See McDermott, Inc. v. Lewis*, 531 A.2d 206, 214–15 (Del. 1987).

finding that Gould/Nikko's prejudicial conduct reduced the percentage of clean-up costs that the plaintiff could seek from NDE.

## II. *CERCLA Contribution Claim*

■ The district court acted within its authority in developing its own allocation scheme within the terms of 42 U.S.C. § 9613(f)(1) ("In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate."). This court reviews for abuse of discretion the equitable factors that a district court considers in creating a contribution allocation scheme, and for clear error the district court's allocation according to those factors. *Boeing Co. v. Cascade Corp.*, 207 F.3d 1177, 1187 (9th Cir.2000). We must see if there is "sufficient evidence from which a reasonable and rational approximation of each defendant's individual contribution to the contamination can be made." *Id.* at 1188 (internal quotation marks omitted).

■ The district court acknowledged bias in the expert testimony proffered by both parties. Rather than embrace the findings of either side, the district court initially allocated responsibility based on the amount of contaminants extracted from the properties for which each party was responsible. Although this may not be a completely accurate method for determining what conduct on each plot actually contributed to the contamination of the aquifers, it does give a relevant quantitative basis for estimating the proportionate responsibility of each party. *See Boeing Co.*, 207 F.3d at 1180, 1188 (upholding a district court's allocation based on the "quantity of toxic chemicals each company put into the ground," even though the effect of each instance of dumping may have been different). Given the difficult nature of gathering information that would give a more accurate estimation of each party's exact contribution, we do not find that the district court abused its discretion in initially allocating sixty-six percent of response costs to the NavCom Property. *See id.* at 1187-88. This was "among the reasonable conclusions supported by the evidence." *Id.* at 1188. The district court also acted within its discretion in reducing the level of contribution from sixty-six percent to sixty percent based on the contractual relationship between the parties and Gould/Nikko's aggressive conduct during negotiations with the Task Force. *See Cadillac Fairview*, 299 F.3d at 1028.

■ Finally, the district court properly refused to treat the Johnson Controls settlement as an offset to NDE's liability. CERCLA allows for offsets to contribution from settlements that are "administrative or judicially approved." 42 U.S.C. § 9613(f)(2). Gould/Nikko and Johnson Controls' private settlement does not qualify as an offset within the terms of the statute.

AFFIRMED.